**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3367-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANGELO BURGOS,

    Defendant-Appellant.

_____

Submitted May 18, 2026 – Decided July 2, 2026

Before Judges Natali and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 97-12-2194.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Edward F. Ray, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Angelo Burgos appeals from a March 25, 2024 order denying his fourth petition for post-conviction relief (PCR) based on ineffective assistance of his trial, appellate, and first PCR counsel without an evidentiary hearing. Discerning no error on the part of the PCR court, we affirm.

We previously summarized the facts underlying defendant's conviction and sentence in our decision on direct appeal. State v. Burgos, No. A-3047-99 (App. Div. Feb. 21, 2002). Thus, we restate only those facts pertinent to the issues raised in defendant's PCR appeal.

In April 1997, defendant shot and killed Robert Price during a robbery in a poolhall in Lodi. In 1999, after an eight-day jury trial, a jury convicted defendant of murder, N.J.S.A. 2C:11-3(a)(1) and (a)(2); felony murder, N.J.S.A. 2C:11-3(a)(3); six counts of armed robbery, N.J.S.A. 2C:15-1; possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and possession of a handgun without a permit, N.J.S.A. 2C39-5(b). Prior to trial, the State offered and defendant rejected an offer to plead guilty in exchange for thirty years' incarceration.

A-3367-23

Following defendant's conviction by jury, the court imposed an aggregate custodial sentence of life imprisonment with a thirty-year period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.[1]

In 2002, defendant appealed and we affirmed his conviction and sentence, State v. Burgos, No. A-3047-99 (App. Div. Feb. 21, 2002). Defendant's subsequent application for certification was also denied. State v. Burgos, 172 N.J. 359 (2002).

Defendant petitioned for PCR in 2004, which was denied in March 2005, a denial which we later affirmed, State v. Burgos, No. A-4319-04 (App. Div. June 20, 2008). Certification was subsequently denied. State v. Burgos, 196 N.J. 598 (2008).

In 2009, defendant moved for a new trial, which was denied. We deemed that application a PCR and subsequently affirmed the trial court's denial in State v. Burgos, No. A-4224-08 (App. Div. Mar. 7, 2011). Our Supreme Court denied certification. State v. Burgos, 207 N.J. 190 (2011).

---

[1] For the six counts of armed robbery, the sentencing court imposed custodial sentences of twenty-years' incarceration with ten-year periods of parole ineligibility under NERA, with each count running concurrently, but not consecutively with the sentence for defendant's murder conviction. A five-year term was imposed concurrently for the unlawful possession of a weapon conviction, and the remaining charges were merged with the murder conviction.

Defendant again petitioned for PCR in 2013, which the PCR court denied. We subsequently affirmed that denial and concluded defendant's ineffective assistance of counsel arguments were "barred by Rule 3:22-5 and by the doctrine of judicial estoppel." State v. Burgos, No. A-3120-12, slip op. at 3 (App. Div. Jan. 7, 2014). Again, the Court denied certification. State v. Burgos, 221 N.J. 492 (2015).

On February 15, 2023, defendant filed the current PCR petition, his fourth, with the assistance of counsel.[2] Defendant alleged trial counsel provided ineffective assistance by failing to properly advise him during plea negotiations, his sentence was improper, and appellate counsel was ineffective for failing to make appropriate arguments on appeal.

On January 29, 2024, the PCR court conducted oral argument. Approximately two months later, the court denied defendant's PCR petition in a comprehensive and well-reasoned written opinion, finding defendant's claims conclusory, lacking any support, and without merit.

---

[2] The record reflects that this is defendant's fourth, rather than his second, PCR petition. Indeed, in our prior January 7, 2014 opinion, we expressly noted that "[d]efendant Angelo Burgos appeals from a January 31, 2013 order denying his third petition for post-conviction relief." State v. Burgos, No. A-3120-12, slip op. at 1 (App. Div. Jan. 7, 2014).

Specifically, the PCR court rejected defendant's arguments that trial counsel was ineffective. The court further noted "defendant's arguments were already analyzed and rejected several times on direct appeal and [in] prior post-conviction relief appeal"; "[d]efendant was properly advised of the plea, exposure, and possible sentence"; and "the record is devoid of specific facts indicating that counsel's performance amounted to a constitutional violation." The court explained that defendant's claims were either unsupported by the record, previously adjudicated, or amounted to "bald accusations" without sufficient factual or legal basis. The court also found that the sentence imposed was lawful and appropriate, and that counsel at all stages had provided reasonably competent representation.

The PCR court also found an evidentiary hearing unwarranted as defendant "failed to establish a prima facie case of ineffective assistance of trial, appellate, and [PCR] counsel."

On appeal, defendant raises a single point containing several arguments for our consideration:

> POINT I
>
> THE COURT'S RULING DENYING [PCR] VIOLATED THE DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, APPELLATE COUNSEL, AND PCR COUNSEL AS

5

GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION.

(A) FAILURE OF TRIAL COUNSEL TO PROPERLY ADVISE DEFENDANT DURING PLEA NEGOTIATIONS DENIED HIM EFFECTIVE ASSISTANCE OF COUNSEL WHICH SEVERELY IMPACTED THE PLEA PROCESS SUCH THAT HE WENT TO TRIAL WHEN HE OTHERWISE WOULD HAVE PLED GUILTY, AND HE RECEIVED A SENTENCE OF LIFE IMPRISONMENT INSTEAD OF THIRTY YEARS WITHOUT PAROLE.

(B) TRIAL COUNSEL FAILED TO EFFECTIVELY ARGUE THAT THE SENTENCES WERE EXCESSIVE BY FAILING TO EFFECTIVELY ARGUE THE AGGRAVATING VERSUS MITIGATING FACTORS, AND/OR THAT THEY ALL SHOULD HAVE BEEN RUN CONCURRENTLY TO ONE ANOTHER.

(C) APPELLATE COUNSEL FAILED TO EFFECTIVELY ARGUE ON DIRECT APPEAL THAT DEFENDANT SHOULD NOT HAVE RECEIVED THE MAXIMUM SENTENCES OR THAT ALL THE SENTENCES SHOULD HAVE BEEN RUN CONCURRENTLY.

(D) FIRST PCR COUNSEL'S FAILURE TO PREPARE AN ADEQUATE PCR

6

BRIEF, ADVANCE DEFENDANT'S CLAIMS WITH SUPPORTING AFFIDAVITS, AND FAILURE TO PROVIDE ADEQUATE ASSISTANCE AT THE PCR HEARING WITH RESPECT TO DEFENDANT'S FIRST PETITION FOR [PCR].

## II.

We review de novo the trial court's legal conclusion that defendant's PCR petition is procedurally barred. State v. Harris, 181 N.J. 391, 419 (2004); see also Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995) ("[a] trial court's interpretations of the law and the legal consequences that flow from established facts are not entitled to any special deference"). If a petition for PCR is timely filed, procedurally sound, and denied without an evidentiary hearing, we review the order de novo. Harris, 181 N.J. at 421 (2004).

To succeed on a claim of ineffective assistance of counsel, a defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz. Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an

7

objective standard of reasonableness." Id. at 688.  A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694.

The right to the effective assistance of counsel extends to legal assistance related to the entry of a guilty plea.  State v. Gaitan, 209 N.J. 339, 350-51 (2012).  To establish the prejudice prong in the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial."  State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  To that end, "a [defendant] must convince the court that a decision to reject the plea bargain" and "insist on going to trial" would have been "rational under the circumstances."  State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

As a preliminary matter, we first address the timeliness of defendant's petition, which was filed in February 2023, nine years following our affirmance of his third PCR appeal.

Because defendant does not dispute that this is at least his second PCR petition, its timeliness is governed by Rule 3:22-12(a)(2), which provides, in relevant part:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> > (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
> >
> > (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
> >
> > (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for postconviction relief is being alleged.

We discern that defendant does not address the timeliness of his PCR petition because the PCR court found the petition timely and denied relief on the merits rather than on procedural grounds. The State, however, urges us to

conclude "at the outset that defendant's claims are either time-barred under <u>Rule</u> 3:22-12(a), not cognizable under <u>Rule</u> 3:22-4(b),[3] or procedurally barred

---

[3] <u>Rule</u> 3:22-4(b) states:

> Second or Subsequent Petition for [PCR]. A second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1) it is timely under <u>R.</u> 3:22-12(a)(2); and
>
> (2) it alleges on its face either:
>
> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.
>
> [<u>R.</u> 3:22-4(b).]

because they were previously adjudicated under Rule 3:22-5," which provides "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." R. 3:22-5.

In addressing this issue, the PCR court noted only that "defendant based his claim of ineffective assistance in part on alleged communications he had with counsel outside of the record. The claim, therefore, meets one of the exceptions to [Rule] 3:22-4(a) and is cognizable in a [PCR] proceeding." We deem the court's finding and conclusion defendant satisfied "one of the exceptions," insufficient because the court failed to identify which exception defendant established under Rule 3:22-4(b). Based on our careful review of the record and application of the pertinent legal standard and law, we conclude defendant failed to establish the timeliness of his now fourth PCR petition and conclude rejection was warranted under Rule 3:22-12(a)(2).

Because the court reached the merits of defendant's arguments and in the interest of finality, we likewise briefly address defendant's substantive claims, in support of our conclusion that the court's order must be affirmed.

11

Defendant generally argues "[t]he PCR [c]ourt erred in finding that [he] failed to make a prima facie case of [ineffective assistance of counsel] regarding trial counsel's failure to properly advise defendant during plea negotiations, causing [him] substantial prejudice." He asserts that he was denied effective assistance of counsel "due to counsel's failure to properly advise him and fully discuss with him the maximum sentencing exposure and the pros and cons of rejecting same considering what was being offered at the time – a maximum of thirty-years imprisonment without parole instead of life imprisonment with a thirty-year parole disqualifier." More particularly, he maintains that "the issue concerning [ineffective assistance of counsel] in the plea negotiations had never been analyzed nor had it been rejected on direct appeal or in a prior PCR," and in his first PCR, he "raised in Point II . . . that the matter must be remanded due to [ineffective assistance of counsel] for improper advice concerning sentence exposure. However, there was no mention of the plea offer."

Confusingly, defendant next concedes, "[i]t does appear, however, that appellate counsel for defendant on appeal from his first denial of PCR attempted to raise an issue concerning [ineffective assistance of counsel] with regard to

the plea offer." Nevertheless, defendant maintains, "the second[4] PCR court erred in finding that this issue had previously been raised and ruled upon on direct appeal and/or in the first PCR," stating: "[t]he issue was not properly raised nor considered on the merits in the appeal from the first denial of PCR because appellate counsel failed to move to supplement the record. Therefore, defendant was not precluded from raising this issue in the second PCR."

Defendant further maintains that his supplemental certification dated October 23, 2023 and made part of this record, is sufficient to satisfy Strickland, because he "established the reasonable probability that he would have accepted the plea offer had he been advised of the maximum sentence of life in prison with thirty-years of parole ineligibility[,]" thus, trial counsel's error prejudiced him by depriving him of the opportunity to plead guilty and receive a lesser sentence.[5] Defendant certified that when trial counsel was assigned, he informed him that "[thirty] years would be the maximum sentence [he] could receive upon conviction after trial. Because [he] believed that [his] maximum exposure

---

[4] Defendant incorrectly refers to the within PCR petition as his second, not fourth petition.

[5] In his certification and PCR brief, defendant recounts discussing the pre-trial plea agreement with a different attorney and states that "before [he] could be fully advised as to what steps to take [,] [the attorney] was no longer [his] attorney."

would be [thirty] years under the plea offer and after trial, [he] rejected the plea offer." Defendant also certified that he would have accepted the plea offer "had [he] known that upon conviction after trial, [he] could have received a life sentence, with [thirty] years before eligibility for parole on count [one], charging murder . . . and consecutive [twenty] year terms, with [ten] years of parole ineligibility, on the robbery counts."

The State urges us to reject defendant's contentions and to examine defendant's "multiple previous petitions for PCR and the courts' decisions for rejecting them." After reviewing defendant's prior PCR proceedings, the State maintains that defendant's claims are time-barred under Rule 3:22-12(a)(2)(A) through (C). Specifically, the State argues defendant has not identified a newly recognized constitutional right entitled to retroactive application; has failed to demonstrate that any facts underlying his claims were previously unknown or could not have been discovered through the exercise of reasonable diligence; and did not file the present petition within one year of our Supreme Court's denial of certification following the denial of his first PCR petition. Instead, defendant waited nearly fifteen years before filing this fourth PCR petition on February 15, 2023, in which he asserted, for the first time, a claim of ineffective assistance of first PCR counsel. Lastly, the State maintains defendant's PCR

14

also failed to raise any cognizable claims pursuant to Rule 3:22-4(b)(2) and his claim that he received ineffective assistance of trial counsel during plea negotiations was previously adjudicated and thus barred in Burgos IV as we stated this claim "warrant[ed] no further discussion" under Rule 2:11-3(e)(2). We agree.

Our careful review of the record convinces us that the PCR court properly denied defendant's petition, which was based on unsupported and generalized assertions of ineffective assistance. We reject defendant's assertions that his trial, appellate, and PCR counsel provided constitutionally deficient representation and that, but for any of the alleged errors, the result would have been different. Strickland, 466 U.S. at 694.

We note in particular that defendant's argument trial counsel erred by failing to properly advise him of his exposure to a life sentence if convicted at trial is a wholly self-serving and unproven assertion particularly given the absence of the plea transcript from this record.[6] Under these circumstances, we

---

[6] We note, that due to the passage of time we do not have the plea colloquy before us. However, we have previously considered the plea issue waived as it was not first raised before the PCR court, defendant included the certification without a motion to supplement, and we have previously found the claim time barred. See Burgos, No. A-4319-04, slip op. at 9.

conclude defendant has not established by a preponderance of the evidence his claims against trial and appellate counsel merely by including these claims in his certification. It is axiomatic that Strickland's high bar requires more than mere self-serving allegations. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Crucially, defendant's attempt to rehash his claims against trial counsel were properly rejected by the PCR court and this court; as we previously concluded that these assertions were barred by Rule 3:22-5 and the doctrine of judicial estoppel in our order of January 7, 2014. Defendant's remaining arguments are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hinkey

Clerk of the Appellate Division

A-3367-23